MAX TRATNER and SHIRLEY C. TRATNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tratner v. Commissioner
Docket No. 2976-72.
United States Tax Court
T.C. Memo 1974-8; 1974 Tax Ct. Memo LEXIS 312; 33 T.C.M. (CCH) 21; T.C.M. (RIA) 74008; January 15, 1974, Filed. *312 lteld: Petitioners may not deduct as a business expense premium advancements that petitioner Max paid to the insurance company for which he was an agent on behalf of policyholders who did not pay premiums when due.
Held: Petitioners may not deduct as a business expense amounts expended in operating and maintaining cars in excess of the amounts allowed by respondent.
Held: Petitioners may not deduct as a medical expense insurance premiums for a policy containing health insurance and loss of life benefits because the amount paid for health insurance was neither separately stated in the insurance contract nor furnished to petitioners in a separate statement. Max Tratner, pro se.
Harold W. Vestermark and Bill D. McDaniel, for the respondent. 2 WILES
MEMORANDUM FINDINGS OF FACT AND OPINION
WILES, Judge: The respondent has determined a deficiency in petitioners' income tax of $1,702.17 for the taxable year 1968. The issues for decision are:
(1) Whether petitioners may deduct as a business expense pursuant to section 162 [1] premium advancements of $5,286.85 paid by petitioner Max Tratner to the insurance company for which he was an agent on behalf of policyholders who did not pay premiums when due.
(2) Whether petitioners may deduct *314 as a business expense pursuant to section 162 amounts expended in operating and maintaining six cars in excess of the amounts allowed by respondent.
(3) Whether petitioners may deduct as medical expenses pursuant to section 213 the amount of insurance premiums for a policy containing health insurance and loss of life benefits when the amount paid for health insurance is neither separately stated in the insurance contract nor furnished to petitioners in a separate statement.
FINDINGS OF FACT
Some of the facts have been stipulated and are found accordingly. 3 Petitioners are Max Tratner (hereinafter referred to as petitioner) and Shirley C. Tratner, husband and wife, who resided in Canoga Park, California, at the time of the filing of the amended petition herein. They filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue in Los Angeles, California.
During the taxable year 1968, the petitioner was employed by the United Insurance Company of America as an insurance debit agent and salesman. Petitioner also had the primary duty and responsibility of collecting premiums that became due weekly on insurance policies that *315 had been sold during 1968. Petitioner was paid solely through commissions based upon collections and sales.
During 1968 many policyholders were unable to pay the premiums when due. Also, many new policyholders could not make the initial premium payments and later cancelled their policies. Without the knowledge and approval of the company, petitioner advanced money in each of these instances as loans to his policyholders in order to keep the policies from lapsing. Petitioner expected that each of the policyholders, for whom he advanced or loaned money to pay the premiums, would repay him in the amounts advanced. The petitioner did not consider these advances or loans as being worthless in 1968 or any time. The petitioner in his 1968 income tax return claimed a business loss deduction of $5,286.85, 4 representing premiums paid by the petitioner to the United Insurance Company of America on behalf of the policyholders who did not pay the premiums when due.
Petitioner owned or operated six automobiles during 1968. The cars were driven by petitioner and his family for both business and personal reasons. No one car was used exclusively for business purposes. On his 1968 income *316 tax return petitioner deducted automobile expenses of $6,915.55. The respondent determined that petitioner was entitled to a deduction for automobile expenses of $4,084.90. [2]
During the taxable year 1968, petitioner carried a personal group health insurance policy with the United Insurance Company of America. This policy contained all the features of health insurance plus benefits for loss of life. The portion of the premiums relating to health insurance was neither separately stated in the policy nor provided by the insurance company in a separate statement.
OPINION
I. Premium Advancements
Petitioner, who appeared on his own behalf, apparently contends that he is entitled to deduct the amounts that he loaned to 5 policyholders to pay their premiums but that were not repaid *317 because these expenses were ordinary and necessary business expenses or alternatively because they represented a business loss. We have held that an insurance agent cannot deduct advancements of first premiums due upon policies when he anticipates reimbursement because the advancements are not "necessary" expenses. . We believe that the same rationale would preclude the deduction of advancements to policyholders to maintain policies in force. Cf. , affirmed per curiam (C.A. 9, 1971); and , affirmed and remanded (C.A. 5, 1966), certiorari denied . We therefore hold that petitioner may not deduct as business expenses pursuant to section 162 the amount of $5,286.85 claimed as advancements on premiums.
With regard to petitioner's alternative argument, we find that a debtor-creditor relationship existed between the petitioner and three individuals to whom he advanced monies to pay premiums so that the "loans," if deductible at all, are allowable under *318 section 166 rather than under section 165. See . Having found that the debts in issue were not worthless during 1968, the petitioner is not entitled to a deduction for such debts pursuant to section 166 during the taxable year in issue. 6 II. Automobile Expenses
On his 1968 income tax return petitioner claimed a deduction of $6,915.55 for automobile expenses. The respondent allowed this deduction only to the extent of $4,084.90. We conclude that petitioner has failed to prove that respondent's determination was erroneous. Although petitioner kept no mileage records of business usage, he testified that non-business use of the six cars accounted for less than one or two percent of the total usage of the cars. We find this testimony unconvincing and hold that petitioner is not entitled to a deduction for automobile expenses in excess of that allowed by respondent.
III. Medical Expenses
In 1968 petitioner paid $1,742.52 as premiums on an insurance policy that contained features of health insurance plus benefits for life. The insurance contract did not state the charge attributable to the health insurance *319 feature and the amount of such charge was not furnished to petitioner in a separate statement. Section 213(a) allows a deduction for the amount by which expenses paid for medical care exceed three percent of adjusted gross income. Section 213(e) (2) (A) states that for insurance contracts "no amount shall be treated as paid for [medical care] insurance * * * unless the charge for such insurance is either separately stated in the contract, or furnished to the policy holder by the insurance company in a separate statement." We 7 therefore hold that petitioner is not entitled to treat as paid for medical care insurance the amounts paid for the policy in issue.
Petitioner relies on the decision in (C.A. 3, 1959), in support of his position. This decision is not controlling in the present situation because it was decided before the Internal Revenue Code was amended, effective January 1, 1967, to add the requirement that amounts paid for medical care insurance be separately stated.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise indicated.↩
2. In his brief, respondent states that the amount of automobile expenses in dispute is $5,744.12, relating to the expenses of gasoline and repairs for the six cars. Respondent contends that none of these expenses are deductible. This position appears to be contrary to the position taken by respondent in his statutory notice and his answer to the amended petition and accordingly must be disregarded.↩